**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>SAMUEL SOTO-CAMPOS,<br><br>Defendant - Appellant. | No. 23-4007<br>(D.C. No. 2:20-CR-00184-DAK-1)<br>(D. Utah) |

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **KELLY**, and **ROSSMAN**, Circuit Judges.**
_____

Defendant-Appellant Samuel Soto-Campos pled guilty to possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count I), and reentry of a previously removed alien, 8 U.S.C. § 1326 (Count IV), and was sentenced to 132 months' imprisonment and five years' supervised release. Count I carried a 10-year mandatory minimum sentence of imprisonment. On appeal, he argues that the district court erred in not recognizing his eligibility for safety-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

valve relief from the mandatory minimum on Count I.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

The district court decided that Mr. Soto-Campos was ineligible for safety valve relief because he was unable to satisfy all three criminal-history requirements listed in 18 U.S.C. §§ 3553(f)(1)(A), (B), and (C).[1]  We abated his appeal pending the Supreme Court's resolution of Pulsifer v. United States, 601 U.S. __, 2024 WL 1120879 (2024).  The Supreme Court subsequently held that a defendant is eligible for safety-valve relief only if he meets all three conditions.  Id. at *3.  Although Mr. Campos could satisfy one of the conditions, specifically § 3553(f)(1)(C), he could not satisfy the other conditions, § 3553(f)(1)(A) and (B).  Accordingly, the district court correctly determined that he was ineligible for the safety valve.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] Mr. Soto-Campos also argued that he should have been excused from meeting the truthful disclosure requirement of 18 U.S.C. § 3553(f)(5) because the government did not provide him with intercepted phone calls and messages.  The district court did not reach this issue.